pression it is free of reversible or prejudicial error. The verdict and judgment will be upheld.

No error.

BARNHILL, C. J., took no part in the consideration or decision of this case.

W. T. REVIS v. BRUCE A. DUCKETT AND BLUE BIRD TAXI CO., INC.

(Filed 24 February, 1954.)

APPEAL by plaintiff from *Sink, J.*, at November Term, 1953, of BUN-COMBE.

An automobile operated by Bruce A. Duckett struck and injured the plaintiff while he was walking across a street in Asheville. The plaintiff sued both Duckett and the Blue Bird Taxi Co., Inc., for damages in this action on the theory that concurrent negligence on their parts proximately caused the accident and his resultant injury. When the plaintiff had produced his evidence and rested his case, the trial judge sustained the separate motion of the Blue Bird Taxi Company for an involuntary nonsuit, and entered judgment accordingly. The plaintiff thereupon submitted to a voluntary nonsuit as to Duckett, and appealed, assigning the involuntary nonsuiting of his case against the Blue Bird Taxi Company as error.

*Don C. Young for plaintiff, appellant.*

*John C. Cheesborough for the defendant Blue Bird Taxi Co., Inc., appellee.*

PER CURIAM. When the evidence is appraised at its true probative value, it is insufficient to show actionable negligence on the part of the Blue Bird Taxi Company. In consequence, the involuntary judgment of nonsuit is

Affirmed.